UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELINO L PENA,

    Petitioner,

v.

DONALD R HOLBROOK,

    Respondent.

CASE NO. 3:18-CV-05975-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: August 30, 2019

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Angelino L. Pena filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 9. The Court concludes the state court's adjudication of the sole ground raised in the Petition was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, the undersigned recommends the Petition be denied and a certificate of appealability not be issued.

**I.    Background**

A.  Factual Background

The Court of Appeals of the State of Washington ("state court of appeals") summarized the facts of Petitioner's case as follows:

> On January 26, 2013, Neil Hill, Vincent Burnett, Levi Blomdahl, and Elena Espinoza were using heroin in a hotel room in Vancouver. At 2:00 AM, Espinoza asked Hill to pick up Pena and bring him back to the hotel.
>
> During the drive, Pena pulled out a gun and told Hill that he would shoot him in the stomach if Hill got pulled over by the police. Hill described Pena as intoxicated. While in the car, Pena played with the gun, repeatedly ejecting bullets from the ammunition clip and putting them back in. Hill feared for his life. When he arrived at the hotel, Pena knocked on the door with the butt of his gun, entered carrying the gun, acted belligerently, and appeared intoxicated. Pena continued to play with the gun and pop bullets in and out of the clip. He also passed the gun around to others in the room.
>
> Blomdahl observed that Pena and Burnett were having a disagreement about Pena's brother. Later, Blomdahl was nodding in and out of sleep when he heard a gun fire. He opened his eyes and saw that Burnett had fallen over and was lying on the floor bleeding. He then saw Pena stand up and appear to put the gun in his pocket or waistband.
>
> Burnett suffered permanent impairment because of his injuries. He could not remember who shot him, but he did remember that Pena was at the hotel room, that Pena had a gun, and that the two of them had both good and bad conversations that night about family.
>
> The State charged Pena with second degree attempted murder and first degree assault, each with a firearm enhancement. At trial, Detective Erick Zimmerman, an investigating officer, testified that at the time of his investigation of the shooting he was assigned to the Safe Streets Task Force and that the task force was a regional gang unit. The trial court overruled Pena's objection to this testimony.
>
> At Pena's request, the trial court gave an instruction on second degree assault. Pena did not propose an inferior degree offense instruction on third degree assault. The jury found Pena guilty of attempted second degree murder and first degree assault.

> The trial court vacated the attempted second degree murder conviction because it merged with the assault, and imposed a standard range sentence. The trial court also imposed discretionary LFOs [(legal financial obligations)].

Dkt. 15-1, pp. 677-78.

### B. Procedural Background

#### 1. *Direct Appeal*

Petitioner challenged his Clark County Superior Court convictions and sentence on direct appeal. *See* Dkt. 15-1, pp. 588-616. The state court of appeals affirmed Petitioner's convictions and sentence. *Id*. at pp. 676-83. Petitioner sought discretionary review by the Washington State Supreme Court ("state supreme court"). *Id*. at pp. 685-709. On June 29, 2016, the state supreme court denied Petitioner's petition for review without comment. *Id*. at p. 711. The state court of appeals issued its mandate on July 15, 2016. *Id*. at p. 714.

#### 2. *Personal Restraint Petition*

On September 11, 2017, Petitioner filed a personal restraint petition ("PRP") seeking state post-conviction relief. *See* Dkt. 15-1, pp. 717-49. The state court of appeals denied the PRP on February 6, 2018. *Id*. at pp. 831-33. Petitioner filed a motion for reconsideration, which was denied. *See id*. at pp. 835-44, 846. Petitioner then sought discretionary review from the state supreme court. *Id*. at pp. 848-72. The motion for discretionary review was denied by the deputy commissioner of the state supreme court on September 26, 2018. *Id*. at pp. 874-75. Petitioner filed a motion to modify the commissioner's ruling, which was denied without comment by the state supreme court. *Id*. at pp. 877-87, 892. The state court of appeals issued the certificate of finality on December 6, 2018. *Id*. at p. 894.

3. *Federal Petition*

On November 26, 2018, Petitioner initiated this case, raising the following ground for relief in his Petition (Dkt. 9):

> 1. Counsel provided ineffective assistance when he failed to ask for a jury instruction for the lesser-included-offense of third-degree assault.

On March 6, 2019, Respondent filed, and served on Petitioner, an Answer. Dkt. 14, 15. In the Answer, Respondent argues the state court's adjudication of Ground 1, the sole ground raised in the Petition, was not contrary to, or an unreasonable application of, clearly established federal law. Dkt. 14. After seeking an extension of time, Petitioner filed a Response to the Answer on June 19, 2019. Dkt. 22.

**II.    Discussion**

A.    Standard of Review

Pursuant to 28 U.S.C. § 2254(d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts "materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, under § 2254(d)(1), "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must

also be unreasonable." *Id*. at 411; *see Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407. In addition, a state court decision involves an unreasonable application of Supreme Court precedent "'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Williams*, 529 U.S. at 407).

The Anti-Terrorism Effective Death Penalty Act ("AEDPA") requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Further, review of state court decisions under §2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011).

B. <u>Legal Standard for Ineffective Assistance of Counsel</u>

In the Petition, Petitioner alleges he received ineffective assistance of trial counsel when trial counsel failed to request the lesser-included jury instruction of third degree assault. Dkt. 9. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate his attorney's performance was deficient, which requires showing "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, a defendant must demonstrate the deficient performance prejudiced the defense to such a degree the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted).

Under the prejudice prong, a petitioner must establish there is a reasonable probability the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

C. <u>Analysis</u>

In determining Petitioner's trial counsel was not ineffective for failing to request jury instructions on lesser-included-offense of third degree assault, the state court of appeals applied the standard as decided in *Strickland*. *See* Dkt. 15-1, pp. 678-79. The state court of appeals first found Petitioner was entitled to a "third degree assault instruction if he had requested one." *Id*. at pp. 679-80. The state court of appeals then found Petitioner's counsel was not deficient, stating:

> Pena argues that defense counsel was deficient in failing to request a third degree assault instruction because the primary defense theory was that the shooting was not intentional. Pena claims that without a third degree assault instruction, the jury's only alternative was to convict him of first degree assault if the jury determined that he negligently shot Burnett.
>
> However, defense counsel's arguments were not so narrow. Defense counsel argued to the jury that (1) the State failed to prove that he was present; (2) if he was present, the State failed to prove that he possessed the gun; (3) if he did possess the gun, the State failed to prove that he fired it; (4) if he did fire the gun, the State failed to prove that the shooting was intentional. A third degree assault instruction was irrelevant for the first three arguments.

> Further, by foregoing a third degree assault instruction, defense counsel set up an "all or nothing" scenario. Without a third degree assault instruction, the jury would have had to acquit Pena if it found that he did not intentionally injure Burnett – i.e., if the jury found that Pena's conduct was accidental, negligent, or reckless. In other words, defense counsel may have made a tactical decision to create doubt that Pena acted intentionally and therefore leave only the possibility of an acquittal. An all or nothing strategy can be a legitimate tactic with regard to lesser included offense or inferior degree offense instructions, and does not amount to ineffective assistance of counsel. *See State v. Breitung*, 173 Wn.2d 393, 398-400, 267 P.3d 1012 (2011); [*State v.*] *Grier*, 171 Wn.2d [17,] 43 [(2011)].
>
> We presume that defense counsel made a legitimate tactical decision not to request a third degree assault instruction in order to set up an all or nothing scenario. Accordingly, we hold that Pena's ineffective assistance of counsel claim fails.

*Id*. at pp. 680-81.

During closing arguments, Petitioner's counsel argued the State had not met its burden. Dkt. 15-1, p. 451. As the state court of appeals correctly explained, Petitioner's counsel first argued to the jury that the State failed to prove Petitioner was present during the shooting. *Id*. at pp. 451-54. Second, counsel argued that, if the jury determined Petitioner was present, the evidence failed to show Petitioner was holding the gun. *Id*. at pp. 454-58. Third, counsel asserted that, if the jury could overcome the first and second "hurdle," the State had still failed to show Petitioner shot the gun. *Id*. at p. 458. Last, counsel argued that State had failed to show the shooting was an intentional act. *Id*. at pp. 458-62.

Here, the state court of appeals found, and the state court record supports, counsel's trial strategy was to argue Petitioner was not guilty of first or second degree assault because there was, among other things, no evidence Petitioner intentionally shot the victim. Petitioner's counsel argued that the shooting was a result of reckless behavior, but there was insufficient evidence to prove Petitioner fired the gun or fired the gun intentionally. *Id*. at pp. 460, 466. Without a lesser-included third degree assault jury instruction, counsel was able to assert an "all

REPORT AND RECOMMENDATION - 7

or nothing" defense that Petitioner was innocent because there was no intentional shooting. Had counsel requested the trial court provide a jury instruction for third degree assault, counsel would not have been able to use this trial strategy. *See* RCW 9A.36.031(1)(d) (a person is guilty of third degree assault if, with criminal negligence, he harms another with a weapon); RCW 9A.08.010(1)(d) ("A person is criminally negligent or acts with criminal negligence when he or she fails to be aware of a substantial risk that a wrongful act may occur and his or her failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable person would exercise in the same situation."); *see also* Dkt. 15-1, pp. 559, 561, 563-64 (jury instruction showing first and second degree assault requires the *intention* to inflict great bodily harm or the *intention* to assault another).

Furthermore, Petitioner has not provided evidence, such as a declaration from his trial counsel, supporting his assertion that counsel was deficient for failing to seek the lesser-included jury instruction. In fact, Petitioner has submitted evidence showing his counsel was aware that third degree assault could be more appropriate for the facts of the case when he attempted to reach a plea deal. *See* Dkt. 9-1, pp. 32-33. Evidence showing counsel was aware the case might be more appropriate under a third degree assault charge supports the state court's conclusion that counsel made a tactical trial decision to not request the lesser-included third degree assault jury instruction. *Compare Van Nguyen v. Uttecht*, 2017 WL 5054574, at *11 (W.D. Wash. July 21, 2017) (concluding the petitioner did not establish his counsel's performance was deficient in failing to request a specific jury instruction where the petitioner failed to provide evidence to support his assertion) *with Crace v. Herzog*, 798 F.3d 840, 853 (9th Cir. 2015) (finding counsel deficient for failing to request a lesser-included jury instruction where counsel explicitly stated in

1  a declaration that he did not request a lesser-included jury instruction because he did not consider

2  it).

3  Petitioner also does not assert, or provide evidence showing, the lesser-included jury

4  instruction would have changed the outcome of the trial. For example, the jury convicted

5  Petitioner of attempted second degree murder, which shows the jury found Petitioner acted with

6  intent. *See* Dkt. 15-1, pp. 478 (finding Petitioner guilty of attempted murder in the second

7  degree), 552, 554, 556 (jury instruction stating the crime of attempted murder occurs when, with

8  *intent* to commit that crime, a person does an act that is a substantial step toward the commission

9  of the crime). Thus, the jury found Petitioner intended to shoot the gun when they convicted him

10  of attempted murder, negating the possibility that Petitioner acted with the lesser standard of

11  criminal negligence. As such, Petitioner has not shown the outcome of his trial would have been

12  different had counsel requested a jury instruction for the lesser-included-offense of third degree

13  assault.

14  Petitioner has not shown the state court's conclusion that counsel did not render

15  ineffective assistance by failing to request the jury instruction for the lesser-included-offense of

16  third degree assault was contrary to, or an unreasonable application of, clearly established federal

17  law, or was an unreasonable determination of the facts in light of the evidence presented at trial.

18  *See Miller v. Nooth*, 403 F. App'x 291, 292 (9th Cir. 2010) (finding counsels' performance was

19  not deficient when counsel made the strategic decision to pursue an "all-or-nothing" approach,

20  which was compatible with the law and evidence, to obtain an outright acquittal); *Hooks v.*

21  *Ward*, 184 F.3d 1206, 1234 (10th Cir. 1999) ("in the context of instructions on lesser included

22  offenses, we see particular strategy reasons why a defendant might not want to present the jury

23

24

with a compromise opportunity"). Therefore, the Court recommends Ground 1, the sole ground raised in the Petition, be denied.

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the ground raised in the Petition may be resolved on the existing state court record.

### IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

1 | to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,
2 | 529 U.S. 473, 484 (2000)).

3 | No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**V.   Conclusion**

For the above stated reasons, the Court finds Ground 1, the sole ground raised in the Petition, should be denied as Petitioner has not shown the state courts' adjudication of this ground was contrary to, or an unreasonable application of, clearly established federal law. The Court also finds an evidentiary hearing is not necessary. Accordingly, the Court recommends the Petition be denied and a certificate of appealability not be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 30, 2019, as noted in the caption.

Dated this 12th day of August, 2019.

*[signature]*
David W. Christel
United States Magistrate Judge